IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RECKITT BENCKISER PHARMACEUTICALS INC., and MONOSOL RX, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 14-1574-RGA |
| WATSON LABORATORIES, INC., | ) ) ) | |
| Defendant. | ) | |

## WATSON LABORATORIES, INC.'S ANSWER AND COUNTERCLAIMS

Defendant Watson Laboratories, Inc., by and through its undersigned attorneys, answers the complaint of Plaintiffs Reckitt Benckiser Pharmaceuticals, Inc. ("RBP"), and MonoSol Rx, LLC as follows:

### AS TO THE NATURE OF THE ACTION

1. Watson admits that Plaintiffs purport to bring this action under the patent laws of the United States. Watson further admits that it filed an ANDA with the FDA seeking approval to manufacture and sell a generic version of Suboxone®, a sublingual film containing buprenorphine hydrochloride and naloxone hydrochloride, before the expiration of the '497 patent and the '277 patent. Except as expressly admitted, Watson denies the remaining allegations of paragraph 1.

### AS TO THE PARTIES

2. Watson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore denies them.

3. Watson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and therefore denies them.

4. Watson denies the allegations of paragraph 4.

## AS TO JURISDICTION AND VENUE

5. Watson denies the allegations of paragraph 5 but, for the purposes of this action only, states that it does not contest that the Court has subject matter jurisdiction over this action.

6. Watson admits that it is a pharmaceutical company engaged in the business of developing and manufacturing generic and brand-name pharmaceutical products, some of which are ultimately distributed, marketed, and/or sold in Delaware and throughout the United States by a wholly-owned subsidiary of Actavis. Except as expressly admitted, Watson denies the remaining allegations in paragraph 6.

7. Watson states that it did not contest jurisdiction in C.A. No. 1:13-cv-01674-RGA for purposes of that action only. To the extent there are any remaining allegations in paragraph 7, Watson denies them.

8. Watson states that it does not contest this Court's personal jurisdiction over it for purposes of this action only. Except as expressly admitted, Watson denies the remaining allegations in paragraph 8.

9. Watson denies the allegations of paragraph 9 but states that it does not contest that venue is proper in this District for purposes of this action only.

## AS TO SUBOXONE SUBLINGUAL FILM

10. Watson admits that the *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") entry for New Drug Application ("NDA") No. 22-410 for Suboxone® (buprenorphine hydrochloride and naloxone hydrochloride) sublingual film lists

"Reckitt Beckiser" as the applicant. Watson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 and therefore denies them.

11. Watson admits that the Orange Book entry for NDA No. 22-410 lists the FDA approval date as August 30, 2010. Watson admits that the labeling for Suboxone® sublingual film currently states that the product is "indicated for maintenance treatment of opioid dependence" when used as part of a complete treatment plan to include counseling and psychosocial support. Watson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11 and therefore denies them.

### AS TO THE PENDING ANDA LITIGATION BETWEEN THE PARITES

12. Watson admits the allegations contained in paragraph 12.

13. Watson admits that the Complaint in C.A. No. 13-1674 purports to relate to its submission of ANDA No. 20-4383 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in commercial manufacture, use, and/or sale of Watson's generic product before expiration of the patents listed in the Orange Book as covering Suboxone® sublingual film. To the extent that paragraph 13 contains additional allegations, Watson denies them.

14. Watson admits the allegations of paragraph 14.

### AS TO JURISDICTION AND VENUE

15. Watson admits the allegations of paragraph 15.

16. Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

### AS TO THE PATENTS-IN-SUIT

17. Watson admits the complaint in this action purports to relate to the '497 and '277 patents.

18.     Watson admits that the face of the '497 patent states that it issued on December 2, 2014, and that it is entitled "Process for Making a Film Having a Substantially Uniform Distribution of Components." Watson further admits that the face of the '497 patent lists Robert K. Yang, Richard C. Fuiz [sic], Garry L. Myers, and Joseph M. Fuiz [sic] as inventors, and also lists Monosol as the assignee. Watson also admits that Exhibit A to the complaint purports to be a copy of the '497 patent. Watson denies that the '497 patent was duly and legally issued. Watson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies them.

19.     Watson admits that the face of the '277 patent states that it issued on December 9, 2014, and that it is entitled "Process for Manufacturing a Resulting Pharmaceutical Film." Watson further admits that the face of the '277 patent lists Robert K. Yang, Richard C. Fuisz, Garry L. Myers, and Joseph M. Fuisz as inventors, and also lists Monosol as the assignee. Watson also admits that Exhibit B to the complaint purports to be a copy of the '277 patent. Watson denies that the '277 patent was duly and legally issued. Watson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies them.

## AS TO DEFENDANT'S ALLEGEDLY INFRINGING GENERIC PRODUCT

20.     Watson admits that it submitted ANDA No. 204383 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in commercial manufacture, use, and/or sale of a buprenorphine hydrochloride and naloxone hydrochloride sublingual film before expiration of the patents-in-suit. To the extent that paragraph 20 contains additional allegations, Watson denies them.

21. Watson admits that ANDA No. 204383 identifies Plaintiff RBP's NDA for Suboxone® sublingual film as the Reference Listed Drug, and that ANDA No. 204383 contains data demonstrating that the ANDA product meets FDA requirements for bioequivalence with respect to Suboxone® sublingual film. To the extent that paragraph 21 contains additional allegations, Watson denies them.

### AS TO SUBOXONE® SUBLINGUAL FILM

22. Watson denies the allegations in paragraph 22.

### AS TO COUNT I
### (Declaratory Judgment of Infringement of the '497 Patent Under 35 U.S.C. §271)

23. Watson repeats and incorporates by reference its answers to paragraphs 1-22 as if fully set forth here.

24. Watson denies the allegations in paragraph 24.

25. Watson denies the allegations in paragraph 25.

26. Watson denies the allegations in paragraph 26.

### COUNT II
### (Declaratory Judgment of Infringement of the '277 Patent Under 35 U.S.C. §271)

27. Watson repeats and incorporates by reference its answers to paragraphs 1-26 as if fully set forth here.

28. Watson denies the allegations in paragraph 28.

29. Watson denies the allegations contained in paragraph 29.

30. Watson denies the allegations contained in paragraph 30.

### AS TO THE PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint recites a prayer for relief for which no response is required. To the extent that a response is required, Watson denies that Plaintiffs are entitled to any remedy or relief, including those requested.

## AFFIRMATIVE DEFENSES

Without any admission as to the burden of proof, burden of persuasion, or the truth of any allegation in Plaintiffs' complaint, Watson states the following affirmative defenses:

### First Affirmative Defense

The claims of the '497 and '277 patents are invalid for failure to comply with the statutory provisions of Title 35 of the United States Code, including without limitation, one or more of sections 101, 102, 103, 111, 112, 116, 135, 256, and 287, and/or the doctrine of obviousness-type double patenting.

### Second Affirmative Defense

The manufacture, use, sale, offer for sale, or importation of the buprenorphine hydrochloride and naloxone hydrochloride sublingual film that is the subject of ANDA No. 204383 will not infringe, directly or indirectly, any valid and/or enforceable claim of the '497 and/or '277 patents.

### Third Affirmative Defense

The filing of ANDA No. 204383 has not infringed, and will not infringe, directly or indirectly, any valid and/or enforceable claim of the '497 and/or '277 patents.

### Fourth Affirmative Defense

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### Fifth Affirmative Defense

Watson's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

### Sixth Affirmative Defense

Watson has not willfully infringed any claims of the '497 and/or '277 patents.

<u>**Seventh Affirmative Defense**</u>

The relief requested in the complaint is barred by the doctrines of estoppel and/or waiver.

<u>**Eighth Affirmative Defense**</u>

Any additional defenses or counterclaims that discovery may reveal.

WHEREFORE, Watson requests that Plaintiffs' complaint be dismissed with prejudice and that Watson be awarded the costs of this action, its attorney's fees, and all other relief this court deems just and proper.

## COUNTERCLAIMS

For its counterclaims against Plaintiffs/Counterclaim-Defendants Reckitt Benckiser Pharmaceuticals, Inc. ("RBP") and MonoSol Rx, LLC, Watson Laboratories, Inc. alleges as follows:

### THE PARTIES

1. Watson is a corporation organized and existing under Nevada laws, having a place of business at 311 Bonnie Circle, Corona, California, 92880.

2. On information and belief, as stated in its complaint against Watson, RBP is a corporation organized and existing under Delaware laws, having a principal place of business at 10710 Midlothian Turnpike, Suite 430, Richmond, Virginia.

3. On information and belief, as stated in its complaint against Watson, MonoSol is a limited liability corporation organized and existing under Delaware laws, having a principal place of business at 30 Technology Drive, Warren, New Jersey.

### JURISDICTION AND VENUE

4. These counterclaims arise under the Patent Act, 35 U.S.C. §§ 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. To the extent that the Court has subject

matter jurisdiction over Counterclaim-Defendants' claims against Watson, this Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. §§ 1331 and 1338(a).

5.  This Court has personal jurisdiction over RBP because, among other reasons, it subjected itself to the jurisdiction of this Court by filing its complaint against Watson here.

6.  This Court has personal jurisdiction over MonoSol because, among other reasons, it subjected itself to the jurisdiction of this Court by filing its complaint against Watson here.

7.  To the extent that venue is appropriate for Counterclaim-Defendants' claims against Watson, venue is also appropriate in this Court for Watson's counterclaims. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

8.  There is an actual and justiciable controversy between the parties as to the infringement, validity, and enforceability of United States Patent Nos. 8,900,497 ("the '497 patent") and 8,906,277 ("the '277 patent").

## BACKGROUND

9.  Upon information and belief, as stated in its complaint against Watson, RBP holds approved New Drug Application ("NDA") No. 22-410 for Suboxone® (buprenorphine hydrochloride and naloxone hydrochloride) sublingual film.

10. NDA holders are required to disclose to the FDA the patent numbers of patents claiming the drug or the method of using such drug for which the NDA is submitted. FDA lists these patents in the FDA publication entitled *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book").

11. Upon information and belief, Counterclaim-Defendants listed in the Orange Book certain patents that claim the drug and/or method of using the drug described in NDA No. 22-410 ("the Orange Book patents").

## THE PATENTS-IN-SUIT

12. The '497 patent, entitled "Process for Making A Film Having A Substantially Uniform Distribution of Components," issued on December 2, 2014.

13. The '277 patent, entitled "Process For Manufacturing A Resulting Pharmaceutical Film," issued on December 9, 2014.

14. On information and belief, as stated in its complaint against Watson, MonoSol is the assignee of the '497 and '277 patents.

15. On information and belief, as stated in its complaint against Watson, RBP is the exclusive licensee of the '497 and '277 patents.

## THE PENDING ANDA LITIGATION BETWEEN THE PARTIES

16. Watson submitted its ANDA No. 204383 to obtain FDA approval to engage in the commercial manufacture, use, and sale of buprenorphine hydrochloride and naloxone hydrochloride sublingual film ("Watson's ANDA Products") before the expiration of the Orange Book patents.

17. Watson's ANDA No. 204383 contains a "Paragraph IV" certification under 21 U.S.C. § 505(j)(2)(A)(vii)(IV) that the claims of the Orange Book patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Watson's ANDA Products. Because the '497 and '277 patents are not listed in the Orange Book, Watson's ANDA No. 204383 does not contain a Paragraph IV certification as to those patents.

18. On October 8, 2013 and February 18, 2014, Counterclaim-Defendants filed a complaint against Watson in C.A. No. 13-1674-RGA alleging infringement of the Orange Book patents.

19. On December 31, 2014, Counterclaim-Defendants filed their complaint in the instant action alleging infringement of the '497 and '277 patents.

## COUNT ONE
### (Declaratory Judgment of Invalidity of the '497 Patent)

20. Watson repeats and realleges the allegations of paragraphs 1-19 above as if fully set forth here.

21. The claims of the '497 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of sections 101, 102, 103, and 112 and/or the doctrine of obviousness-type double patenting.

22. There is an actual and justiciable controversy between the parties as to whether the '497 patent claims are invalid.

23. Watson is entitled to a declaratory judgment that the claims of the '497 patent are invalid.

24. This is an exceptional case, and Watson is entitled to their costs and reasonable attorneys' fees.

## COUNT TWO
### (Declaratory Judgment of Invalidity of the '277 Patent)

25. Watson repeats and realleges the allegations of paragraphs 1-24 above as if fully set forth here.

26. The claims of the '277 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of sections 101, 102, 103, and 112 and/or the doctrine of obviousness-type double patenting.

27. There is an actual and justiciable controversy between the parties as to whether the '277 patent claims are invalid.

28. Watson is entitled to a declaratory judgment that the claims of the '277 patent are invalid.

29. This is an exceptional case, and Watson is entitled to their costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Watson prays that the Court enter judgment in its favor and against Counterclaim-Defendants as follows:

a. Dismissing the complaint with prejudice and denying each request for relief made by Plaintiffs;

d. Declaring that the claims of the '497 and/or '277 patents are invalid;

e. Awarding Watson its costs and expenses in this action;

f. Awarding Watson its attorneys' fees pursuant to 35 U.S.C. § 285; and

g. Awarding other and further relief as this Court deems just and proper.

Dated: February 25, 2015

Respectfully Submitted,

/s/ John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 (telephone)
(302) 655-4210 (facsimile)
jcp@pgslaw.com
mch@pgslaw.com

*Attorneys for Watson Laboratories, Inc.*

*Of Counsel*

Michael K. Nutter
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600 (telephone)
(312) 558-5700 (facsimile)
mnutter@winston.com

-and-

Peter E. Perkowski
David Dalke
WINSTON & STRAWN LLP
333 S Grand Ave, Suite 3800
Los Angeles, CA 90071
Phone: (213) 615-1700
pperkowski@winston.com
ddalke@winston.com

*Attorneys for Watson Laboratories, Inc.*